IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REBA A. M. )
)
       Plaintiff, ) No. 3:17-CV-00438-TC
)
       v. ) ORDER
)
Commissioner of Social Security, )
)
       Defendant. )

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for Supplemental Security Income benefits.

Plaintiff was 57 years old, defined as "advanced age" by Social Security, when she filed her application. She has her GED.

The ALJ found that plaintiff had the severe impairments of degenerative disc disease, cervical radiculopathy, fibromyalgia, asthma, status-post anterior cervical discectomy and fusion,

1 - ORDER

anxiety, depression, and post traumatic stress disorder.

The ALJ found plaintiff has the residual functional capacity (RFC) to perform medium work and can lift/carry and push/pull 50 pounds occasionally, and 25 pounds frequently.

The ALJ found that plaintiff had no past relevant work, but that she could be a dietary aid, linen room worker and linen supply room worker, all "medium" level exertion occupations.

Plaintiff contends, among other things, that the ALJ erred in not addressing and thus rejecting the report of an examining physician. In addition, plaintiff contends that the ALJ erred in the assessment of plaintiff's testimony.

I. Assessing the Evidence from the Examining Physician

John H. Ellison, M.D. , was contacted by the Social Security Administration to provide a "detailed Muscoskeletal Exam/Report." Tr. 545.

The three page report noted upon physical examination that plaintiff's neck was "very tender posteriorly:reduced range of motion with pain, especially turning to the right and with extension; flexion 30 degrees, extension 30 degrees, lateral bending 30 degrees each way, rotation 30 degrees to right and 50 degrees to left. Tr. 548. Under the heading "Impact on Activities of Daily Living," the Dr. Ellison wrote, "[s]he was given a 25 pound lift and carry weight limit because of past neck surgery."

2 - ORDER

Tr. 547. Under the heading of "Assistive Devices" Dr. Ellison noted "[u]ses some sort of elastic wraps on her arms occasionally when they are painful." Tr. 548.

It is not entirely clear if the reference to the 25 pound lift and carry weight limit was expressly determined by Dr. Ellison, or whether it was accepted implicitly after his examination and his review of the medical files, or whether it was merely documenting what plaintiff said. The comment regarding use of wraps on her arms is vague.

The ALJ did not address, reference or even mention Dr. Ellison's report, which potentially contains significant probative evidence. Based on Dr. Ellison's report and its handling by the ALJ, there appears to be either ambiguous evidence or the record is inadequate to allow for proper evaluation which triggers the duty to further develop the record. Mayes v. Massinari, 276 F.3d 453, 460 (9th Cir. 2010); McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2010); 20 C.F.R. §§ 404.1512 (e), 416.912(e). As such, and for the additional reasons discussed below, a remand for additional proceedings is necessary.

II. Assessing Plaintiff's Testimony

The handling of the plaintiff's testimony regarding her neck pain further indicates a need for additional proceedings as the ALJ

3 - ORDER

stated plaintiff was not entirely credible, based, in part, on the reasoning that the medical record does not support the severity of claimant's alleged limitations. Again, the ALJ did not address, reference or even mention Dr. Ellison's report, which may, or may not, change the analysis of plaintiff's testimony.

III.  It Cannot Be Said Any Error Was Harmless

Defendant has argued that even if there was error, it was "entirely harmless."

It cannot be said any potential error was harmless. A person who is of advanced age, with no relevant past work and only a high school education could be found disabled under the grid rules if she is unable to work at a medium level lifting 50 pounds at a time. See Medical Vocational Guideline 202.04, 20 C.F.R. Pt. 404, subt P, App. 2.

CONCLUSION

The decision of the Commissioner is reversed and this action is remanded for further proceedings pursuant to sentence four of 42 U.S.C. §405(g). The ALJ shall contact Dr. Ellison and request new or more detailed information or reports as the ALJ sees fit. The ALJ may of course contact any other medical provider as the ALJ

4 - ORDER

sees fit. The ALJ shall then consider and weigh all the evidence, formulate a new RFC, and perform a new five step sequential analysis consistent with this opinion.

DATED this \_\_\_\_S\_\_\_\_ day of June, 2018.

_____
THOMAS M. COFFIN
United States Magistrate Judge

5 - ORDER